UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| R&G PROPERTIES | ) CHAPTER 11 |
| | ) |
| Debtor. | ) Case No. 09 B 37463 |
| | ) |
| | ) Hon. A. Benjamin Goldgar |
| | ) |
| REPUBLIC BANK OF CHICAGO, | ) Adv. No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL K. DESMOND, not | ) |
| individually but as Trustee and | ) |
| DELTA TRADING COMPANY, INC., an | ) |
| Illinois corporation, | ) |
| | ) |
| Defendants. | ) |

**ADVERSARY COMPLAINT**

Republic Bank of Chicago ("Republic Bank" or "Plaintiff") by its attorneys Ruff, Weidenaar & Reidy, Ltd., brings this adversary proceeding for declaratory judgment and related relief against MICHAEL K. DESMOND, not individually but as Trustee of the Estate of R&G Properties, an Illinois general partnership ("Trustee") and DELTA TRADING COMPANY, INC., ("Delta") pursuant to 28 U.S.C. §2201 and states as follows:

INTRODUCTIONS

1.  Republic Bank is an Illinois banking corporation doing business in Cook, DuPage and Will counties in the state of

0961-22800 243956.1

Illinois. On April 23, 2010, Republic Bank entered into a Purchase and Assumption Agreement with the Federal Deposit Insurance Corporation ("FDIC") as receiver to purchase the deposits and related assets of Citizens Bank and Trust Company of Chicago ("Citizens Bank"), a defunct Illinois bank.

2. Citizens Bank had only one banking facility, which was leased, located on the real estate commonly known as 5700 N. Central Avenue, Chicago, IL (the "Property"). The Purchase and Assumption Agreement between Republic Bank and the FDIC, as receiver, gave Republic Bank the right to assume the Lease for the Property.

3. Citizens Bank was substantially owned and controlled by Robert Michael and George Michael, the general partners of the Debtor R&G Properties ("Debtor"). The Debtor was the landlord of Citizens Bank under the Lease.

4. Republic Bank exercised its option to assume the Lease from the FDIC. The Lease contained an option to purchase the Property at the end of the current lease term, September 30, 2012, for a purchase price of 1.5 million dollars ("the Option").

5. From April 2010 through September of 2012 Republic Bank paid base monthly rental in an amount over $25,000.00 per month for the aggregate sum of $743,805.32. Republic Bank also paid general real estate taxes in the aggregate amount of $142,342.86 and fully insured and maintained the Property.

0961-22800 243956.1

6. Republic Bank timely exercised the Option by correspondence dated January 31, 2012 to the Debtor and scheduled a closing for September 30, 2012 in accordance with the terms of the Option. The Trustee was notified of all of the foregoing very shortly after its appointment by correspondence dated June 27, 2012 from Republic Bank to the Trustee.

7. Days before the Lease expired, by correspondence dated September 19, 2012 the Trustee notified Republic Bank that it would not close the sale of the Property or honor the Option, which the Trustee claimed was invalid and unenforceable.

8. M&I Marshall & Ilsley Bank ("M&I") was the owner of a Mortgage dated March 20, 2006 encumbering the Property and other real estate collateral to secure an indebtedness in the original principal amount of $8,077,540.00. Delta is the current owner of the Mortgage and the indebtedness secured thereby.

9. The Lease antedates the Mortgage by almost four years and any right, title or interest of Delta in or to the Property is subject subordinate and inferior to the rights of Republic Bank under the Lease.

10. Republic Bank brings this action for declaratory judgment, specific performance, and other relief to have its rights under the Option declared valid and enforceable, to obtain legal title to the Property and to recover compensatory damages including attorney's fees and costs of this litigation as

0961-22800 243956.1

provided for in the Lease. Republic Bank also seeks the issuance of a temporary restraining order and preliminary injunction against the defendants to maintain the status quo pending the Court's adjudication of the rights and obligations of the parties under the Lease.

### PARTIES, JURISDICTION AND VENUE

11. This is an adversary proceeding pursuant to Federal Bankruptcy Rule 7001 which relates to the Chapter 11 proceeding captioned in R&G Properties, docketed as case number 09 B 37463 (Bankr. N.D. Ill., Eastern Div.).

12. On October 8, 2009 Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor operated its business and managed its financial affairs as Debtor in Possession until an evidentiary hearing was conducted on Delta's motion for the appointment of a trustee, which motion was granted, and the Trustee was appointed on June 20, 2012.

13. The Trustee is the duly appointed and acting Trustee of the Estate. The Property is one of the assets of the Estate which the Trustee has administered since its appointment.

14. Delta is an Illinois corporation doing business in the County of Cook, State of Illinois and its president and registered agent is Mr. Chaim Kohanchi who offices at 2701 N. Kildare, Chicago, IL and resides in Skokie, IL.

0961-22800 243956.1

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1334(b) in that this action arises under, and/or relates to Debtor's bankruptcy proceeding.

16. This action is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A)(E)(K) and (O). In addition, Republic Bank consents to the entry of a final order or judgment by this Court.

17. This Court has venue over this proceeding pursuant to 28 U.S.C. §1409(a).

## THE LEASE

18. Citizens Bank obtained its charter as an Illinois banking corporation on January 27, 2000 from the Illinois Department of Financial and Professional Regulation (please see Exhibit "A" attached hereto).

19. On or about October 1, 2002 Citizens Bank as Lessee, and Debtor as Lessor, entered into a Lease, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "B". The initial lease term expired on September 30, 2007.

20. The improvements on the Property consist of a one story, masonry constructed, commercial building containing 8,250 square feet with a lower level of equal size. It was constructed in 1958 and originally was used as a restaurant/banquet hall.

0961-22800 243956.1

21. The Property is located in a relatively stable but unpretentious area in the city of Chicago.

22. The Lease provided for five renewal terms of five years each (Exhibit "B", para 23). By correspondence dated November 15, 2007 Citizens Bank notified Debtor that it elected "to exercise its option to renew the lease agreement between Robert C. Michael and George S. Michael and the Bank for a five year term beginning on October 1, 2007 through September 30, 2013 (sic)". A true and correct copy of the November 15, 2007 correspondence is attached hereto and made a part hereof as Exhibit "C".

23. The reference in Exhibit "C" to the year 2013 was a typographical error as all extensions of the Lease were for a five year term (not six years) and the Trustee has acknowledged the typographical error in its letter of September 19, 2012 as more fully identified below.

24. Citizens Bank remained in possession of the Property pursuant to the Lease until on or about April 23, 2010 when its banking charter was revoked by the Illinois Department of Financial and Professional Regulation, its primary bank regulator, who in turn appointed the FDIC as receiver of all of the assets of the defunct Citizens Bank.

25. On April 23, 2010 Republic Bank entered into a Purchase and Assumption Agreement with the FDIC for the purchase of, inter

0961-22800 243956.1

alia, all of the deposits of Citizens Bank, all loans secured by such deposits, and related assets, including an exclusive option to assume the Lease as set forth in Article 4.6(b) of the Purchase and Assumption Agreement.

26.  Although the option to assume the Lease was originally for a period of 90 days, that period was extended by the FDIC pursuant to agreement with Republic Bank, and by correspondence dated September 21, 2010, Republic Bank notified the FDIC of its election to assume the Lease. A true and correct copy of Republic Bank's exercise of its option to assume the Lease is attached hereto and made a part hereof as Exhibit "D".

27.  Because Republic Bank took possession of the Property immediately after the execution of the Purchase and Assumption Agreement with the FDIC dated April 23, 2010, Republic Bank commenced making rental payments under the Lease on April 28, 2010 and continued to make monthly rental payments each and every month thereafter in an amount in excess of $25,000.00 through and including September 2012 for the aggregate sum of $743,805.32.

28.  Both the Debtor in Possession, and later the Trustee, demanded strict compliance by Republic Bank with all of the terms and provisions of the Lease. For example, the Lease provided for a 3% annual increase in the base rental, which the Debtor in Possession demanded and Republic Bank promptly paid. Thus, in

October 2011, monthly base rental increased again by an additional $760.06 a month.

29. In addition, as the Lease was triple net, Republic Bank timely paid all general real estate taxes levied against the Property from April 2010 through September 2012 in the aggregate amount of $142,342.86. Republic Bank also kept the property fully insured and properly maintained in accordance with the terms of the Lease.

30. The Lease provides in paragraph 24 that the Lessee is granted the Option to Purchase the Property on the terms set forth therein. By correspondence to the Debtor dated January 31, 2012, Republic Bank timely and properly exercised the Option to purchase the Property. A true and correct copy of the January 31, 2012 letter is attached hereto and made a part hereof as Exhibit "E".

31. Initially, the Debtor failed to acknowledge receipt of Republic Bank's notice of the exercise of the Option; accordingly, virtually identical notices were sent by various means (certified mail, overnight mail and hand delivery) on February 21, 2012. By correspondence dated February 23, 2012, Debtor's former counsel, David K. Welch, belatedly responded to the exercise of the Option by correspondence dated February 23, 2012, a true and correct copy of which is attached hereto as Exhibit "F".

32. In his letter, Mr. Welch acknowledged the right of Republic Bank to purchase the Property pursuant to the Option, but claimed that the parties were "in the third term of the Lease (second renewal term)" which established the Option price as the mathematical average of two independent certified appraisals opining as to the fair market value of the Property.

33. By correspondence dated March 19, 2012, a true and correct copy of which is attached hereto as Exhibit "G", Republic Bank responded to Mr. Welch's letter pointing out that the original lease term was from October 1, 2002 and ended on September 30, 2007 and that the first renewal term was from October 1, 2007 through September 30, 2012; under these facts the Option price as specified in the Lease was 1.5 million dollars.

34. In addition, Citizens Bank was not even chartered as an Illinois bank until January 27, 2000 so it was a legal impossibility for Citizens Bank to have been in possession of the Property five years prior to October 1, 2002.

35. Less then two weeks before the closing set for September 30, 2012 pursuant to the terms of the Option, the Trustee informed Republic Bank that it refused to honor the Option and close the sale of the Property. A true and correct copy of the Trustee's letter dated September 19, 2012 is attached hereto and made a party hereof as Exhibit "H".

0961-22800 243956.1

36. In its notification dated September 19, 2012 the Trustee claimed that it was refusing to proceed with the closing because: (i) Republic Bank had not timely exercised its Option to assume the Lease from the FDIC; (ii) Citizens Bank had not timely exercised its Option to extend the Lease five years earlier in 2007; (iii) and that the Option contained in the Lease was "non-assignable" and therefore only Citizens Bank and not Republic Bank could exercise the Option.

37. The Trustee's position is wholly without legal support. First, no person or entity has been in possession of the Property since April 23, 2010 other then Republic Bank, nor is the Trustee aware of the assignment or assumption of the Lease by any person or entity, by or through the FDIC, other than Republic Bank.

38. In addition, the Trustee has no standing to assert that Republic Bank failed to timely exercise its option to assume the Lease from the FDIC under the Purchase and Assumption Agreement when neither the Trustee or the Debtor was a party to that Agreement.

39. Furthermore, federal law specifically provides that upon assuming its powers and duties as receiver, the FDIC may "transfer any asset or liability of the institution in default (including assets and liabilities associated with any trust business) without any approval, assignment or consent with respect to such transfer" 12 U.S.C. §1821(d)(2)(G)(i)(II). Thus,

0961-22800 243956.1

the FDIC did not need any consent or approval from the Debtor, or anyone else to grant Republic Bank the option to assume the Lease.

40. Similarly, the Trustee does not dispute that Citizens Bank was in possession of the Property up to and including April 23, 2010, but now claims that the exercise by Citizens Bank of its option to extend the Lease five years ago was not "timely". Applicable state law and bankruptcy law do not permit the Trustee to now make this belated argument.

41. Third, since April 23, 2010, the Debtor in Possession and the Trustee have recognized Republic Bank as the Lessee under the Lease. Accordingly, the exercise of the Option to purchase was one of those rights acquired by Republic Bank as a result of its assumption of the Lease from the FDIC.

42. Assuming arguendo that the consent of the Debtor, as landlord, was required in order for Republic Bank to assume the Lease and become the Lessee thereunder, the Debtor and the Trustee knowingly and voluntarily waived any right to object to Republic Bank's assumption of the Lease by their voluntary acceptance of rental and other avails under the Lease by Republic Bank from April 2010 through September 2012.

43. Furthermore, even if the Debtor and the Trustee did not waive the right to contest Republic Bank's assumption of the lease, the Trustee is now equitably estopped from claiming that

11

0961-22800 243956.1

Republic Bank is not the Lessee under the Lease because its conduct induced Republic Bank to reasonably believe that the Trustee accepted it as the Lessee, such reliance was reasonable on the part of Republic Bank, and it paid rental and other charges under the Lease to its determent.

## DELTA'S MORTGAGE

44. M&I was the owner and holder of a Mortgage dated March 20, 2006 and recorded with the Recorder of Deeds of Cook County on May 22, 2006 as document number 0614222176 (the "Mortgage"). The Mortgage secures an indebtedness in the original principal amount of $8,077,540.00.

45. The Mortgage was made and recorded almost four years after the execution of the Lease, and at the time that the Mortgage was made and recorded Citizens Bank was in open and notorious possession of the Property. Thus, M&I had both actual and constructive notice that Citizens Bank claimed a possessory interest in the Property.

46. On or about June 4, 2008, M&I filed its suit to foreclose its Mortgage and for other relief docketed in the Circuit Court of Cook County as case number 08 CH 19999. M&I did not name Citizens Bank as a party defendant to the mortgage foreclosure action as it knew that the Lease antedated the Mortgage and that the possessory rights of the Lessee under the

Lease are paramount and superior to the rights acquired by M&I under the Mortgage.

47. Subsequent to the making and recording of the Mortgage, it was assigned to Delta together with the indebtedness secured thereby, the specifics of said assignment are not currently known to Republic Bank.

## REPUBLIC BANK'S EQUITABLE OWNERSHIP OF THE PROPERTY

48. The doctrine of equitable conversion is applicable here. Specifically, the doctrine of equitable conversion provides that when the owner of land enters into a valid and enforceable contract for its sale, the owner continues to hold the legal title to the land but does so in trust for the buyer. Thus, the buyer becomes the equitable owner of the real estate and the buyer is also considered to be holding the purchase money for the land in trust for the seller. Republic Bank is the equitable owner of the Property, having timely exercised its Option to purchase the Property.

49. Republic Bank has performed all the terms and provisions of the Lease to be performed on its part.

50. Notwithstanding the foregoing, in an effort to thwart a judicial review of its arbitrary and capricious conduct, the Trustee has threatened to "seek possession of the Property through a forcible entry and detainer action..." (Please see letter dated September 19, 2012, Exhibit "H").

51. Republic Bank has at all times been ready, willing and able to tender the purchase price to the Trustee for the Property pursuant to the Option but has been unable to do so as evidenced by the Trustee's letter dated September 19, 2012 attached as Exhibit "H".

52. A genuine and justiciable actual controversy exists by and between the parties requiring a declaration by the Court of the rights and obligations of the parties hereto.

53. Republic Bank has no plain, speedy or adequate remedy at law to preserve and protect its equitable ownership of the Property and its possessory rights thereunder.

54. By virtue of the foregoing, Republic Bank is in need of the Court's exercise of its injunctive powers, both temporary and preliminary to maintain the status quo, without bond, pending the Court's final order and/or judgment in this matter.

<u>PRAYER FOR RELIEF</u>

Wherefore, Republic Bank prays as follows:

    A.    That a temporary restraining order issue, without bond, enjoining the Trustee and Delta from disturbing the status quo in reference to Republic Bank's possession of the Property until the Court can schedule an evidentiary hearing on Republic Bank's motion for preliminary injunction; and

    B.    That the Court conduct an evidentiary hearing on Republic Bank's request for the entry of a preliminary injunction to enjoy the Trustee and Delta from disturbing the status quo during the pendency of this suit; and

0961-22800 243956.1

  C. For a declaration that Republic Bank has assumed the Lease from the FDIC; that Republic Bank timely and properly exercised the Option to purchase the Property; and that the Trustee is obligated under the Lease to close the sale of the Property to Republic Bank on the terms as set forth in the Lease including the Option price of 1.5 million dollars; and

  D. For such other and further relief as the Court may deem meet and just.

## COUNT II

Now comes the plaintiff Republic Bank of Chicago by its attorneys Ruff, Weidenaar & Reidy, Ltd., and complaining of Michael K. Desmond, not individually but as Trustee of the Estate of R&G Properties, states as follows:

 1-51. Republic Bank realleges and incorporates paragraphs 1 through 51 inclusive of its Count I as paragraphs 1 through 51 inclusive of its Count II as though fully set forth herein.

 52. The Property is unique.

 53 Republic Bank is entitled to specific performance of the Option by the Trustee.

 54. Republic Bank has also suffered and will continue to suffer damages as a result of the Trustee's refusal to convey the Property to Republic Bank pursuant to the Option.

 55. Pursuant to paragraph 24(c) of the Lease, by virtue of the Trustee's breach of contract by virtue of the Trustee's refusal to comply with the terms of the Option, Republic Bank is

15      0961-22800 243956.1

entitled "to all remedies available at law or in equity... including, without limitation, damages and specific performance."

56.     Republic Bank's damages include but are not limited to the actual disruption of its banking operations at the Property as a result of the Trustee's threats, together with the costs and expenses which Republic Bank has been required to expend in the prosecution of its lawful claims concerning the Property.

<u>PRAYER FOR RELIEF</u>

Wherefore, Republic Bank of Chicago prays:

- A. That the Trustee be ordered to specifically perform the Option and convey the Property to Republic Bank in accordance with the terms of the Option; and

- B. For an award of compensatory damages and reasonable attorneys fees and costs of theses proceedings; and

- C. For such other and further relief as the Court may deem meet and just.

Republic Bank of Chicago

By: /s/ Edward P. Freud
One of its Attorneys

Edward P. Freud
Ruff, Weidenaar & Reidy, Ltd.
222 North LaSalle Street
Suite 700
Chicago, IL 60601
(312) 602-4890
ARDC #: 0876712

16

0961-22800 243956.1