# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| R&G PROPERTIES, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | Case No. 09 B 37463 |
| | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| REPUBLIC BANK OF CHICAGO, | ) | Adv. No.   12-01491 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MICHAEL K. DESMOND, not individually but as Trustee and DELTA TRADING COMPANY, INC. An Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| MICHAEL K. DESMOND, not individually, but solely in his capacity as Chapter 7 Trustee, | ) | |
| | ) | |
| Defendant-Counterplaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REPUBLIC BANK OF CHICAGO, | ) | |
| | ) | |
| Plaintiff-Counterdefendant. | ) | |

### TRUSTEE'S MOTION TO WITHDRAW
### REFERENCE OF ADVERSARY PROCEEDING

Defendant Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee ("Trustee") for the R & G Properties ("Debtor"), by his attorneys, hereby moves this Court, pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy

Procedure, to withdraw the reference of the pending adversary proceeding from the Bankruptcy Court. In support thereof, the Trustee states as follows:

1. On October 1, 2012, Republic Bank of Chicago ("Republic Bank" of "Plaintiff") filed its adversary complaint against the Trustee and Delta Trading Co., Inc. ("Delta," and with the Trustee, the "Defendants") seeking a declaratory judgment, specific performance, and other relief. In Count I of the adversary complaint, Republic Bank seeks a declaration from the Bankruptcy Court that Republic Bank, as assignee of a lease of property owned by the Debtor, timely and properly exercised an option to purchase the property from the Debtor's bankruptcy estate. In Count II of the adversary complaint, Republic Bank seeks to compel the Trustee to specifically perform and convey the property to Republic Bank.

2. The Parties agreed to expedite the resolution of this adversary proceeding by submitting to the Bankruptcy Court cross-motions for summary judgment or partial summary judgment on the issue of whether Republic Bank has a right to purchase the property pursuant to the purchase option.

3. Although the briefing schedule on the cross-motions for summary judgment has not yet concluded and the Bankruptcy Court has not issued any ruling, as explained below, the Seventh Circuit has now made it clear that the Bankruptcy Court lacks Constitutional enter a final judgment in the adversary proceeding.

4. On August 21, 2013, the Seventh Circuit issued *Wellness Int'l Network, Ltd. v. Sharif*, No. 12-1349, 2013 WL 4441926 (7th Cir. Aug. 21, 2013), a copy of which is attached hereto as **Exhibit A**. In that case, the debtor challenged a judgment entered by a bankruptcy judge on an alter-ego claim in an adversary proceeding. *Id*. at \*3-7. On the understanding that the claim was a "core proceeding" the Court of Appeals concluded that the bankruptcy court

lacked Constitutional authority to enter a final judgment under *Stern v. Marshall*, 131 S. Ct. 2594 (U.S. 2011) (*id*. at *18-20) and that the bankruptcy court lacked statutory authority to issue proposed findings of fact and conclusions of law under 28 U.S.C. § 157 and *In re Ortiz*, 665 F.3d 906 (7th Cir. 2011). *Wellness*, 2013 WL 4441926 at *18-21.  The Seventh Circuit wrote:

> Assuming that the alter-ego claim is in fact a core matter, it is difficult to find a statutory basis on which the district court could rely to treat the bankruptcy court's order as proposed findings and conclusions…It appears, therefore, that if the alter-ego is in fact a core proceeding, *the only statutorily authorized remedy would be for the district court to withdraw the reference*, see 157(d)…If…the court determines the alter-ego claim to be a core proceeding, then *it shall order that the reference* of the alter-ego claim to the bankruptcy court *be withdrawn.*

*Id*. at *21 (emphasis added).

5.     In this case, the parties have not disputed that the claims in this adversary proceeding are core proceedings under 28 U.S.C. § 157(b)(2). [*See Dkt. Nos.* 1, 6, 9].  Thus, under *Wellness*, the Bankruptcy Court lacks both Constitutional authority to enter a final judgment and statutory authority to issue proposed findings of fact and conclusions of law on the claims in the adversary proceeding.  Based on *Wellness*, withdrawal of the reference of this adversary proceeding is mandatory under 28 U.S.C. § 157(d).

WHEREFORE, the Trustee respectfully requests that Court enter an order withdrawing the reference of the adversary proceeding pursuant to 28 USC §157(d), and grant such other and further relief as this Court deems just and proper.  The Trustee also requests a status hearing to discuss the resolution of the pending motions for summary judgment.

3

Dated: September 19, 2013                    Respectfully Submitted,

**MICHAEL K. DESMOND, not individually but solely in his capacity as Chapter 7 Trustee for R&G PROPERTIES**

By:     */s/ Michael K. Desmond*
         One of his Attorneys

James R. Figliulo (#6183947)
Michael K. Desmond (#6208809)
Marc S. Porter (#3125509)
William G. Cross (#6299574)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 251-4600
Fax: (312) 251-4610

## **CERTIFICATE OF SERVICE**

The undersigned attorney states that he caused the attached

**PLAINTIFF'S MOTION TO WITHDRAW
REFERENCE OF ADVERSARY PROCEEDING**

to be filed with the United States Bankruptcy Court's ECF filing system on September 19, 2013. Counsel named below will be served a copy of same via this Court's ECF notification system.


/s/ Michael K. Desmond


Edward P. Freud
Ruff Weidenaar & Reidy Ltd.
222 N. LaSalle Street
Suite 700
Chicago, Illinois 60601
*Counsel for Plaintiff Republic Bank of Chicago*

Richard H. Fimoff
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle St.
Suite 3300
Chicago, IL  60601
*Counsel for Defendant Delta Trading Co., Inc.*